IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSHUA M. NICKMAN, | |
| Plaintiff, | 8:16CV262 |
| V. | |
| JUAN M. ZARRAGA, official capacity, SHELBY L. RAWLINGS, official capacity, ANDREW L. MCLEAN, official capacity, COLTON J. GUERRERO, official capacity, MICHAEL TUBBS, official capacity, JESUS J. RAMIREZ, official capacity, JAIME LYN CRAFT, official capacity, JESSICA M. STROUP, official capacity, SCOTT B. ANDREALA, official capacity, ERIC JON LITTLE, official capacity, JONATHAN R. TRIPP, official capacity, AARON CRAY, official capacity, TODD BAHENSKY, official capacity, LACY, official capacity, HALL COUNTY CORRECTIONS, official capacity, and J. JONES, official capacity, | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff, who is currently incarcerated at the Lincoln Diagnostic Center, filed his Complaint on June 13, 2016. (Filing No. 1.) Plaintiff was given leave to proceed in forma pauperis. (Filing No. 6.) At this time, the court conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff alleges he was assaulted by jail staff while incarcerated at Hall County Corrections.  (Filing No. 1.)  Plaintiff further contends that he did not receive proper medical treatment for the injuries he sustained in the assault.

Plaintiff has named multiple corrections officers and officials at Hall County Corrections as defendants.  Defendants are sued in their official capacities only.  Plaintiff seeks monetary relief.

## II.  STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v.*

*Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Plaintiff has sued Hall County employees acting in their official capacities. A claim against an individual in his official capacity is, in reality, a claim against the entity that employs the official, in this case, Hall County. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992). As a municipality, Hall County can only be liable under § 1983 if a municipal policy or custom caused his injury. *See Monell v. New York Department of Social Services*, 436 U.S. 658, 694 (1978). Plaintiff has failed to plausibly suggest that an official Hall County policy or custom caused a violation of his constitutional rights. Therefore, Plaintiff's claims against the employees in their official capacities fail to state a claim.

Plaintiff's Complaint also fails to state cognizable Eighth Amendment claims for deprivation of medical care because he has not sufficiently alleged that any defendant was deliberately indifferent to his medical needs. To establish a § 1983 claim for deliberate indifference, Plaintiff must demonstrate that he suffered objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "Deliberate indifference is equivalent to criminal-law recklessness, which is more

blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Schaub v. VonWald*, 638 F.3d 905, 914-15 (8th Cir. 2011) (citation omitted).

Plaintiff alleges he sustained torn skin, bruising, and a leg injury during the assault. The court doubts that Plaintiff's injuries could be classified as serious medical needs. Moreover, Plaintiff alleges that he was given pain medication, ice, and antibiotic creme to treat his injuries. (Filing No. 1 at CM/ECF 6.) It does not appear from the Complaint that medical staff purposefully ignored any of his medical needs.

Additionally, Plaintiff's Complaint does not identify the actions taken by each named defendant. Multiple defendants are not even mentioned in the body of the Complaint. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003).

Out of an abundance of caution, the court will granted Plaintiff leave to file an amended complaint that states a claim upon which relief can be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this action without further notice to Plaintiff.

THEREFORE ORDERED that

1. Plaintiff shall file an amended complaint by October 3, 2016, that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: October 3, 2016 check for amended complaint.

DATED this 2nd day of September, 2016.

BY THE COURT:

S/ *Richard G. Kopf*
Senior United States District Judge