IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSHUA M. NICKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV262 |
| | ) | |
| V. | ) | |
| | ) | |
| JUAN M. ZARRAGA, official | ) | **MEMORANDUM** |
| capacity, SHELBY L. RAWLINGS, | ) | **AND ORDER** |
| official capacity, ANDREW L. | ) | |
| MCLEAN, official capacity, COLTON | ) | |
| J. GUERRERO, official capacity, | ) | |
| MICHAEL TUBBS, official capacity, | ) | |
| JESUS J. RAMIREZ, official capacity, | ) | |
| JAIME LYN CRAFT, official capacity, | ) | |
| JESSICA M. STROUP, official | ) | |
| capacity, SCOTT B. ANDREALA, | ) | |
| official capacity, ERIC JON LITTLE, | ) | |
| official capacity, JONATHAN R. | ) | |
| TRIPP, official capacity, AARON | ) | |
| CRAY, official capacity, TODD | ) | |
| BAHENSKY, official capacity, LACY, | ) | |
| official capacity, HALL COUNTY | ) | |
| CORRECTIONS, official capacity, and | ) | |
| J. JONES, official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The court previously conducted an initial review of Plaintiff's Complaint to determine whether summary dismissal was appropriate under 28 U.S.C. § 1915(e)(2). Upon review, the court concluded that Plaintiff had failed to state a claim. (Filing No. 21.) However, Plaintiff was given leave to file an amended complaint. Plaintiff has submitted an Amended Complaint and the court will now review it to determine whether Plaintiff has asserted any viable claims.

## I.  SUMMARY OF AMENDED COMPLAINT

Plaintiff, who is currently incarcerated at the Lincoln Diagnostic Center, alleges he was assaulted by jail staff while incarcerated at Hall County Corrections.  (Filing No. 1.)  Plaintiff further contends that he did not receive proper medical treatment for the injuries he sustained in the assault.

Plaintiff has named Hall County Corrections, and multiple correctional officers and officials at Hall County Corrections as defendants.  The officers are sued in their individual capacities only.

## II.  DISCUSSION

### 1.    Plaintiff's Claim Against Hall County Corrections

As a municipality, Hall County can only be liable under § 1983 if a municipal policy or custom caused his injury.  *See Monell v. New York Department of Social Services*, 436 U.S. 658, 694 (1978).  Plaintiff has failed to plausibly suggest that an official Hall County policy or custom caused a violation of his constitutional rights.  Therefore, Plaintiff's claims against Hall County will be dismissed.

### 2.    Plaintiff's Excessive Force Claim

The Eighth Amendment forbids the wanton and unnecessary infliction of pain upon prisoners.  In an Eighth Amendment excessive force case, "the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013) (internal quotation omitted).  "Whether the force used was reasonable is judged from the perspective of a reasonable officer on the scene and in light of the particular circumstances."  *Story v. Norwood*, 659 F.3d 680, 686 (8th Cir. 2011) (internal quotation omitted).

Plaintiff alleges that Defendants McLean, Zarraga, and Gray took him into a room to question him about a grievance he was planning to file. Plaintiff claims he was seated in a chair at a table and Defendants McLean, Zarraga, and Gray "came at" him and body slammed him into the corner of the room. Then, Defendants Rawlings, Guerrero, Tubbs, Ramirez, Craft, Stroup, Andreala, Little and Trip came into the room and piled on top of Plaintiff. Plaintiff contends that these Defendants pinned him down and repeatedly punched and choked him.

The court finds that Plaintiff has sufficiently alleged an Eighth Amendment excessive force claim against Defendants McLean, Zarraga, Gray, Rawlings, Guerrero, Tubbs, Ramirez, Craft, Stroup, Andreala, Little and Trip. Liberally construed, Plaintiff alleges he was attacked because he planned to file a grievance. Plaintiff maintains that he was in an interview room with three officers and seated in a chair at a table when the assault began. These allegations are sufficient to suggest that the force used against Plaintiff was unreasonable. Therefore, the court will allow Plaintiff's excessive force claims to proceed to service of process against these Defendants.

However, the court will dismiss Plaintiff's claims against Jones and Bahensky. The Amended Complaint does not identify the actions taken by these defendants. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). A complaint that only lists a defendant's name without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003).

## 3.  Plaintiff's Eighth Amendment Medical Claim

Plaintiff also asserts an Eighth Amendment claim relating to his medical care. Plaintiff alleges that following the assault by prison staff, he was "hurting all over" and bleeding. (Filing No. 24 at CM/ECF p. 4.) He claims that his neck and throat

3

hurt from being choked.  He also alleges that he could not walk on his leg and that he had to be carried by prison staff.

A prisoner-plaintiff seeking relief for claims relating to medical care must allege that the defendant prison official was deliberately indifferent to the plaintiff's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  A plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs.  *Hartsfield v. Colburn*, 491 F.3d 394, 396-97 (8th Cir. 2007).

Even assuming that Plaintiff's injuries could be classified as serious medical needs, he has failed to state a viable Eighth Amendment claim.  Plaintiff alleges that Defendant Nurse Lacy failed to provide him proper medical care.  However, Plaintiff admits that Nurse Lacy examined him after the alleged assault and told him he was ok.  Plaintiff also concedes that he was examined by another nurse the day following the incident.  In short, Plaintiff has not alleged that any defendant was deliberately indifferent to his medical needs.  Accordingly, Plaintiff's Eighth Amendment claims relating to his medical care will be dismissed.

## 4.    State Law Claims

Plaintiff alleges claims of assault and battery under state law.  Because the court is permitting Plaintiff's Eighth Amendment excessive force claims to move forward against Defendants McLean, Zarraga, Gray, Rawlings, Guerrero, Tubbs, Ramirez, Craft, Stroup, Andreala, Little, and Trip, it will also permit Plaintiff's state law claims against these Defendants to proceed.

IT IS THEREFORE ORDERED that:

1.    This case may proceed to service of process as to Plaintiff's Eighth Amendment excessive force claims and state law claims against Defendants McLean,

Zarraga, Gray,  Rawlings, Guerrero, Tubbs, Ramirez, Craft, Stroup, Andreala, Little and Trip in their individual capacities.  Plaintiff's claims against Defendants Hall County Corrections, Jones,  Bahensky, and Lacy are dismissed in their entirety.

2.      To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide.  The Clerk of the court shall send TWELVE summons forms and TWELVE USM-285 forms to Plaintiff, together with a copy of this Memorandum and Order.  Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court.  In the absence of the forms, service of process cannot occur.

3.      Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process.  The Marshal shall serve the summons and Amended Complaint without payment of costs or fees.  The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so.

4.      Federal Rule of Civil Procedure 4 requires service of the complaint on a defendant within 90 days of filing the complaint.   However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5.      Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.  A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

6.      The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "February 9, 2017:  Check for completion of service of summons."

7.    The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  Plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

DATED this 12th day of October, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge