IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOSHUA M. NICKMAN,                         )
                                           )
                    Plaintiff,             )          8:16CV262
                                           )
          V.                               )
                                           )
JUAN M. ZARRAGA, official                  )          **MEMORANDUM**
capacity, SHELBY L. RAWLINGS,              )          **AND ORDER**
official capacity, ANDREW L.               )
MCLEAN, official capacity, COLTON          )
J. GUERRERO, official capacity,            )
MICHAEL TUBBS, official capacity,          )
JESUS J. RAMIREZ, official capacity,       )
JAIME LYN CRAFT, official capacity,        )
JESSICA M. STROUP, official                )
capacity, SCOTT B. ANDREALA,               )
official capacity, ERIC JON LITTLE,        )
official capacity, JONATHAN R.             )
TRIPP, official capacity, AARON            )
CRAY, official capacity, TODD              )
BAHENSKY, official capacity, LACY,         )
official capacity, HALL COUNTY             )
CORRECTIONS, official capacity, and        )
J. JONES, official capacity,               )
                                           )
                    Defendants.            )

---

Plaintiff has filed a Motion (Filing No. 26) seeking the appointment of counsel. The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and

the plaintiff's ability to investigate the facts and present his claim." *Id*. Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

Plaintiff, who is proceeding in forma pauperis, has also expressed an inability to serve process on Defendants in their individual capacities because Plaintiff does not know their addresses. (Filing No. 26 at CM/ECF p. 4.) Accordingly, the court will outline a procedure for service below.

IT IS THEREFORE ORDERED:

1.    Plaintiff's Motion to Appoint Counsel (Filing No. 26) is denied without prejudice to reassertion.

2.    The clerk of court is directed to obtain the last known addresses for Defendants McLean, Zarraga, Gray, Rawlings, Guerrero, Tubbs, Ramirez, Craft, Stroup, Andreala, Little, and Tripp from the United States Marshals Service for service of process on them in their individual capacities.

3.    Upon obtaining the necessary addresses, the clerk of court is directed to complete and issue summonses for Defendants McLean, Zarraga, Gray, Rawlings, Guerrero, Tubbs, Ramirez, Craft, Stroup, Andreala, Little, and Tripp in their individual capacities at the addresses provided by the Marshals Service. The clerk of the court is further directed to deliver the summonses, the necessary USM-285 Forms, the Amended Complaint (Filing No. 24), a copy of this order, and a copy of the order granting Plaintiff's motion for leave to proceed in forma pauperis (Filing No. 6) to the Marshals Service for service of process on Defendants McLean, Zarraga, Gray, Rawlings, Guerrero, Tubbs, Ramirez, Craft, Stroup, Andreala, Little, and Tripp in their individual capacities.

4.      The clerk of the court is directed to file under seal any document containing the last known addresses for Defendants.

DATED this 26th day of October, 2016.

BY THE COURT:

S/ *Richard G. Kopf*
Senior United States District Judge