IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSHUA M. NICKMAN, | |
| Plaintiff, | 8:16CV262 |
| V. | |
| JUAN M. ZARRAGA, official capacity, SHELBY L. RAWLINGS, official capacity, ANDREW L. MCLEAN, official capacity, COLTON J. GUERRERO, official capacity, MICHAEL TUBBS, official capacity, JESUS J. RAMIREZ, official capacity, JAIME LYN CRAFT, official capacity, JESSICA M. STROUP, official capacity, SCOTT B. ANDREALA, official capacity, ERIC JON LITTLE, official capacity, JONATHAN R. TRIPP, official capacity, AARON CRAY, official capacity, TODD BAHENSKY, official capacity, LACY, official capacity, HALL COUNTY CORRECTIONS, official capacity, and J. JONES, official capacity, | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff instituted this action on June 13, 2016, alleging he was assaulted by jail staff while he was an inmate at Hall County Corrections. (Filing No. 1.) Upon initial review, the court determined that Plaintiff's Complaint failed to state cognizable claims. (Filing No. 21.) However, Plaintiff was granted leave to file an amended complaint. Plaintiff filed an amended complaint on September 19, 2016. (Filing No. 24.)

On October 12, 2016, the court reviewed Plaintiff's Amended Complaint and determined that it could proceed to service of process as to Plaintiff's Eighth Amendment excessive force claims and state law claims against certain defendants (Filing No. 25.)

On October 31, 2016, Plaintiff moved to file a second amended complaint. (Filing No. 29.) Plaintiff has already been given leave to file an amended complaint and Plaintiff's Motion for Leave to File an Amended Complaint (Filing No. 29) does not identify any reason why further amendment is necessary. Therefore, Plaintiff's motion will be denied.

Plaintiff has also requested that the court provide him with Defendants' last known addresses so that he can complete service of process. The court previously directed the clerk of court to obtain the addresses of these individuals, complete and issue summonses, and deliver the necessary documents to the Marshals Service for service of process. (Filing No. 27.) Therefore, Plaintiff's Motion to Compel (Filing No. 28) will be denied without prejudice to reassertion in the event future problems with service arise.

Additionally, Plaintiff has filed a motion requesting a restraining order (Filing No. 30.) Plaintiff asserts that he has a court hearing on November 9, 2016, and that he will be held in Hall County Corrections before his court appearance. Plaintiff is worried that staff will retaliate against him for filing this lawsuit. "[W]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).

Plaintiff has failed to assert any facts showing a likelihood that any defendant will retaliate against him for filing this action. Plaintiff only states that he "has heard

from several people" that Defendants brag about how they "jumped" him. (Filing No. 30 at CM/ECF p. 2.) Plaintiff does not identify who told him about Defendants' alleged statements, when he was told about the statements, or when the statements were supposedly made. In short, Plaintiff has not shown that he faces a threat of irreparable harm.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion for Leave to File a Second Amended Complaint (Filing No. 29) is denied.

2. Plaintiff's Motion to Compel (Filing No. 28) is denied without prejudice to reassertion.

3. Plaintiff's Motion for Restraining Order (Filing No. 30) is denied without prejudice to reassertion.

DATED this 1st day of November, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge