IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSHUA M. NICKMAN,<br><br>            Plaintiff,<br><br>vs.<br><br>JUAN M. ZARRAGA, Individual Capacity; SHELBY L. RAWLINGS, Individual Capacity; ANDREW L. MCLEAN, Individual Capacity; COLTON J. GUERRERO, Individual Capacity; MICHAEL TUBBS, Individual Capacity; JESUS J. RAMIREZ, Individual Capacity; JAIME LYN CRAFT, Individual Capacity; JESSICA M. STROUP, Individual Capacity; SCOTT B. ANDREALA, Individual Capacity; ERIC JON LITTLE, Individual Capacity; JONATHAN R. TRIPP, Individual Capacity; and AARON GRAY, Individual Capacity;<br><br>            Defendants. | 8:16CV262<br><br>MEMORANDUM<br>AND ORDER |

      On January 10, 2017, Defendants[1] filed a Motion for Summary Judgment based on qualified immunity. (Filing No. 49; Filing No. 50.) On January 20, 2017, Plaintiff filed motions seeking discovery. (Filing No. 64; Filing No. 65.) On January 31, 2017, the court denied Plaintiff's motions for discovery without prejudice and stayed all discovery pending resolution of Defendants' Motion for Summary Judgment. (Filing No. 66.) The court informed Plaintiff in its order that he would not be prohibited from filing a properly supported motion to obtain court

---

[1] This includes every defendant but Defendant Jonathan R. Tripp, who has yet to be served.

approval to conduct limited discovery regarding issues raised by Defendants in their Motion for Summary Judgment. (*Id.*) On February 6, 2017, Plaintiff filed a "Motion for Time Extension or Continuance" pursuant to Fed. R. Civ. P. 56(d).[2] (Filing No. 68.) He seeks a thirty-day extension to respond to Defendants' Motion for Summary Judgment so that he may have "all the discovery info to counter the defendants summary judgment." (*Id.*) Defendants filed a brief in opposition to Plaintiff's motion. (Filing No. 69.) They argue that Plaintiff's motion should be denied because it is not properly supported as required by Fed. R. Civ. P. 56(d). (*Id.*)

Rule 56(d) sets forth that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). The party seeking additional discovery must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014) (quoting *State of Cal., on Behalf of Cal. Dep't of Toxic Subs. Control v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998). Rule 56(d) does not condone a fishing expedition. *Duffy v. Wolle*, 123 F.3d 1026, 1041 (8th Cir. 1997).

Here, Plaintiff failed to comply with Rule 56(d). Plaintiff did not show by affidavit or declaration the *specific* facts that he hopes to elicit from further

---

[2] Plaintiff cites Fed. R. Civ. P. 56(f), which is now Fed. R. Civ. P. 56(d).

discovery. In light of Plaintiff's pro se status, the court will give Plaintiff one additional opportunity to file an affidavit or declaration that plainly sets forth (1) the specific facts he hopes to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion.

IT IS THEREFORE ORDERED that:

1. Plaintiff is given **14 days** in which to file an affidavit or declaration that plainly sets forth (1) the specific facts he hopes to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion. Failure to do so will result in summary dismissal of Plaintiff's Rule 56(d) motion.

2. If Plaintiff timely files an affidavit or declaration in support of his Rule 56(d) motion, Defendants will have **14 days** in which to respond to the Rule 56(d) motion.

3. If Plaintiff does not file an affidavit or declaration in support of his Rule 56(d) motion within 14 days, he will have **14 days** from the date the affidavit or declaration is due in which to file a response to Defendants' summary judgment motion.

4. The clerk's office is directed to set the following pro se case management deadline: **March 10, 2017**: Check for Plaintiff's affidavit and response from Defendants or Plaintiff's brief in response to MSJ.

5. Plaintiff's "Motion for Time Extension or Continuance" ([Filing No. 68](#)) is stayed in abeyance pending filing of an additional affidavit or declaration within 14 days. His request for time to respond to Defendants' Motion for

Summary Judgment is granted to the extent the relief he seeks is consistent with the relief provided in this Memorandum and Order.

Dated this 10th day of February, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge